IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60533
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

155 ACRES, CALHOUN, Parcel of Real Property
Containing 155 Acres, More or Less, in the West
Half of Section 8, Township 22 North,
Range 9 East, Calhoun County, MS,

Defendant,

D. HOWARD MCPHAIL, JR.; SARAH TRILBY
MCPHAIL; LOU CAROLYN MCPHAIL,

Claimants-Appellants.

* * * * * * * * * * * * * *

_____

No. 96-60535
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PARCEL OF REAL PROPERTY, Containing 47 Acres,
in the Northwest Quarter of Section 18, Township
22 North, Range 9 East, Calhoun County, MS,

Defendant,

D. HOWARD MCPHAIL, JR.; LOU CAROLYN MCPHAIL;
SARAH TRILBY MCPHAIL,

Claimants-Appellants.

- - - - - - - - - -
Appeals from the United States District Court

for the Northern District of Mississippi
USDC No. 3:91CV122
USDC No. 3:91CV123
- - - - - - - - - - -
December 11, 1997

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

D. Howard McPhail, Sarah Trilby McPhail, and Lou Carolyn McPhail, appeal from the district court's judgments forfeiting their property pursuant to 21 U.S.C.§ 881(a)(7). The McPhails argue that: 1) the district court plainly erred by not sua sponte raising the due process issue of United States v. James Daniel Good Real Property, 510 U.S. 43 (1993); 2) the forfeiture of their property violated the Excessive Fines Clause of the Eighth Amendment; 3) the forfeiture was barred by the doctrines of res judicata and collateral estoppel; 4) the district court judge and the magistrate judge should have recused themselves; and 5) the magistrate judge erred by denying the request for discovery filed by the McPhails after they had filed their notice of appeal.

We have reviewed the record and find no reversible error. The McPhails have not met their burden under plain error review of showing that the asserted Good violation was an error that was clear or obvious to the district court. See Highlands Ins. v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

National Union Fire Ins., 27 F.3d 1027, 1031-32 (5th Cir. 1994), cert. denied, 513 U.S. 1112 (1995).  Nor have they met their burden of showing that the forfeiture of their $87,000 property amounted to an excessive fine in light of the $4 million maximum possible fine each faced under §§ 21 U.S.C. §§ 841(b) and (b)(1)(A)(vii).  See Austin v. United States, 509 U.S. 602, 622 (1993).  The McPhails' attempt to raise a res judicata issue for the first time on appeal is facially frivolous.  The McPhails' allegations of judicial bias, also raised for the first time on appeal, involve questions of fact which, by their nature, are not obvious error.  See Robertson v. Plano City of Tex., 70 F.3d 21, 23 (5th Cir. 1995).  Because the filing of their notice of appeal vested jurisdiction over the proceedings in this court, the McPhails' subsequent request for discovery filed in the district court was properly denied.  See Winchester v. United States Atty. for Southern Dist. of Tex., 68 F.3d 947, 948-49 (5th Cir. 1995). Accordingly, the district court's judgment is AFFIRMED.  The McPhails' "Motion to Reinstate Joint Brief" and motion to file a supplemental brief are DENIED.

JUDGMENTS AFFIRMED; MOTIONS DENIED.